[Civ. No. 8845.   Third Dist.   Dec. 3, 1956.]

KARL SCHRAMKO, Appellant, v. W. THOMAS SAULTER, Respondent.

Barnett & Robertson and Rodney H. Robertson for Appellant.

Geary, Spridgen & Moskowitz for Respondent.

VAN DYKE, P. J.—This is an appeal from an order granting respondent's motion for a new trial and from the judgment entered in respondent's favor notwithstanding the jury's verdict which awarded appellant damages in the amount of $17,500 for personal injuries sustained when the truck in which he was riding with respondent tipped over and rolled down a steep embankment.

The accident occurred on a narrow, curved highway in Mendocino County on a clear, dry afternoon. Respondent was driving his loaded truck up a steep grade at a speed of approximately 6 miles an hour when the vehicle suddenly jumped out of gear. Respondent did not attempt to shift, but immediately applied both the tractor and trailer brakes in an effort to come to a complete stop. Upon such application of the brakes, the truck tilted and rolled. The trial court properly instructed the jury that the appellant was entitled to the benefits of the doctrine of res ipsa loquitur and by its verdict the jury impliedly found that the inference of negligence arising therefrom had not been rebutted. The jury also

impliedly found that the appellant was not a guest of respondent at the time of the accident. The trial court granted respondent's motion for judgment notwithstanding the verdict on the ground that, as a matter of law, the appellant's status was that of a guest and that, as such, he was precluded from recovering for his injuries by reason of the so-called "guest statute." (Veh. Code, § 403.)

It is well established that the power of the court to enter a judgment in favor of the moving party notwithstanding a verdict is the same as the power of the court to grant a nonsuit. In view of this rule, we have concluded that the trial court erred in granting a judgment notwithstanding the verdict. We think there was substantial evidence to support the jury's implied finding that the appellant had given respondent compensation for the ride. It is admitted that there was no social relationship between respondent and appellant, although for approximately four years prior to the accident respondent had lived near, and traded at, appellant's grocery store. It is likewise admitted that the purpose of the trip was to get lumber for a septic tank which appellant was constructing at his place of business. Appellant testified that he had discussed the matter with respondent and told him he "would like to hire him to haul" the lumber. Respondent testified that appellant said to him: " 'You have a truck, why don't you haul me some lumber over here to do some repair work,' or—no, 'to build a cesspool or septic tank,' or something; I said, 'Well, I am very busy, but at some time when I am not busy I will haul it for you.' Well, later on—I don't remember just when—but later on he told me, he said someone else. I don't remember who it was, was supposed to have hauled his lumber and didn't. He said, 'I have to get it over here, because I am building a house, and I want this finished before the house is built'; and I said, 'Well, I will tell you what Karl, now in a few days I will have a day off, I won't be busy, and I will go haul the lumber for you.' *He said, 'Well, what would you charge me?'*, and I said, 'I have no BE plates, and I cannot make no charges, but I will haul the lumber for you.' " (Emphasis added.)

Respondent's claim that he stated that he could not charge for hauling the lumber was denied by appellant and his sister, who also was present at the conversation. She testified that respondent said he would be "happy to haul it" because then the grocery bill which he owed appellant would "go down." She further testified that approximately two weeks

later respondent came to the store and declared that he was "ready to go for the lumber." Thereupon she summoned appellant and he and respondent departed for the Hollow Tree Lumber Company. There the lumber was purchased and loaded on respondent's truck. On the return trip the accident occurred.

The foregoing evidence supports the implied finding of the jury that appellant gave "compensation" for the ride. ■ In *Follansbee* v. *Benzenberg,* 122 Cal.App.2d 466, 471 [265 P.2d 183, 42 A.L.R.2d 832], it is said:

". . . To constitute compensation, it is not necessary that it be established that the compensation received by the driver was given 'for such ride' in the sense that the rider obtained transportation for some independent purpose of his own. Where the trip was not primarily for a social purpose, it is sufficient to show that the driver was to derive a benefit from the transportation. . . . ■ An anticipated or prospective profit is a benefit and may be as effectual as an immediate or direct compensation."

■ The primary purpose of the trip was of a business nature. There was a good reason why appellant went along. He picked out lumber to fit his needs. In so doing he benefited respondent by furthering respondent's hauling the lumber for compensation. Although the respondent and appellant may not have made an express agreement as to the form or amount of compensation, the inference could be drawn from their conduct and relationship that there was a common understanding respondent should be recompensed. (*Martinez* v. *Southern Pac. Co.,* 45 Cal.2d 244, 252-253 [288 P.2d 868].) As stated in *Fedler* v. *Hygelund,* 106 Cal.App.2d 480, 484 [235 P.2d 247]:

"The discussions that occur when the owner or driver of an automobile takes another into the car for a ride are apt in most cases to be sketchy and fragmentary since neither anticipates an accident, nor does either have the guest statute in mind. They are seldom conscious of making anything in the nature of a bargain. Such was the case here. . . . The jury were further entitled to consider the past relations of respondent and the appellants . . .."

It cannot be held, as a matter of law, that there was no evidence to support a finding that benefit accrued to respondent. Therefore, the trial court erred in granting the motion for judgment notwithstanding the verdict.

■ The trial court did not err in granting the motion for

a new trial on the ground of insufficiency of the evidence to support the verdict and judgment, and that it was against law. For instance and with respect to appellant's status under the guest law, in ruling on the motion for new trial the court was not only entitled, but required, to judge the credibility of witnesses and to weigh the evidence. The trial court could consider respondent's testimony that he not only did not expect to be paid but that he advised appellant that he could make no charge as he did not have a license permitting him to haul for hire. The trial court could also give credence to respondent's denial of having stated that he would be happy to haul the lumber in order to reduce his grocery bill. Turning to the issue of negligence, the same serious conflict is found in the record. Without further detailing the evidence, it may be said that there was sufficient conflict therein and in the inferences which could reasonably be drawn therefrom, to preclude this court from holding the trial court erred in granting a new trial.

The judgment notwithstanding the verdict is reversed; the order granting the motion for a new trial is affirmed; the purported appeal from the order granting the motion for judgment notwithstanding the verdict is dismissed as it is not an appealable order. (*Scott* v. *George A. Fuller Co.*, 41 Cal.App.2d 501, 504 [107 P.2d 55].)

Peek, J., and Schottky, J., concurred.