[Civ. No. 1047. Fifth Dist. June 4, 1970.]

PATRICK A. HERMAN, Plaintiff and Appellant, v.
LOUIS L. SHANDOR, Defendant and Respondent.

**COUNSEL**

Mestad & Sanborn and John B. Mestad for Plaintiff and Appellant.

Bradley, Wagy, Bunker, Hislop & Leddy and Jack W. Bradley for Defendant and Respondent.

**OPINION**

**COAKLEY, J.**—We first consider procedural questions involved in this appeal. On May 21, 1968, a jury returned a verdict of $47,000 in appel-

lant's action for personal injuries. When the verdict was entered, the respondent, at the court's suggestion, made an oral motion for judgment notwithstanding the verdict and for a new trial. Both motions were granted. On May 24, respondent filed a formal written notice of intention to move (1) for judgment notwithstanding the verdict, and (2) for a new trial. The motions were accompanied by points and authorities, and the hearing on the motions was set for June 18. Meanwhile, on June 10, the court filed a document stating that by reason of Code of Civil Procedure sections 629 and 657 its order of May 21 may have been prematurely entered, and that the court, therefore, deemed it appropriate to state its reasons for granting the motion for new trial "pursuant to the dictate of 657 of the Code of Civil Procedure." The court then stated its reasons for having granted the motion for a new trial, which reasons we shall consider later in this opinion.

Respondent's motions were heard on June 18, the time originally set for such hearing. At the conclusion of the hearing, the court stated that respondent was entitled to judgment notwithstanding the verdict, and, in the alternative, to a new trial. It gave as its reasons (1) that the appellant was guilty of contributory negligence, and (2) that error of law was committed by the court in instructing the jury on the doctrine of last clear chance. The parties then agreed that it was unnecessary for the court to file a new statement of reasons as required by Code of Civil Procedure section 657 in view of the court's document giving its reasons, which was filed on June 10. At this hearing, the court expressly adopted its written declaration filed June 10 as its statement of reasons for granting a new trial on June 18.

This appeal is from the orders granting respondent judgment notwithstanding the verdict and a new trial.

*Appeal from the Order Granting Judgment Notwithstanding the Verdict.*

Judgment notwithstanding the verdict has never been entered. An oral order for such a judgment was made on May 21 in response to respondent's oral motion. Subsequently, at the conclusion of the hearing on June 18, a minute order was entered granting respondent's motion for judgment notwithstanding the verdict.

█ An order granting judgment notwithstanding the verdict is not a final judgment and is not an appealable order. (*DeVault* v. *Logan,* 223 Cal.App.2d 802 [36 Cal.Rptr. 145]; *Truck Ins. Exchange* v. *Stilley,* 213 Cal.App.2d 311 [28 Cal.Rptr. 588]; *Teich* v. *General Mills, Inc.,* 170 Cal. App.2d 791 [339 P.2d 627].) Code of Civil Procedure section 904.1, formerly section 963, designates those orders which are appealable. An order for a judgment notwithstanding the verdict is not among the appealable orders listed.

*Jordan* v. *Talbot,* 55 Cal.2d 597 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161], involved an appeal from orders granting judgment notwithstanding the verdict and a new trial. With respect thereto the court held: "She [the plaintiff] also purports to appeal from an order granting judgment notwithstanding the verdict, which is but a step preliminary to final judgment and not an appealable order. (*Schramko* v. *Saulter,* 146 Cal.App.2d 549, 553 [303 P.2d 1061].) The appeal from that order will therefore be dismissed. The record does not show that the final judgment has been entered." (P. 602.)

In *Drummond* v. *City of Redondo Beach,* 255 Cal.App.2d 715 [63 Cal. Rptr. 497], the trial court granted defendant's motions for judgment notwithstanding the verdict and for a new trial, as in our case. On appeal, the court affirmed the judgment notwithstanding the verdict, holding that the plaintiff had failed to adduce sufficient evidence to establish her case. The court then said that the trial court had properly granted judgment notwithstanding the verdict, and, therefore, that it was unnecessary to decide the points raised on appeal from the order granting a new trial. It is not clear from the opinion whether a judgment was entered following the granting of defendant's motion for judgment notwithstanding the verdict, or whether an order for such a judgment, only, was made and recorded in the minutes. Further, the point was not discussed in the opinion, so, presumably, it was not raised and, therefore, not considered on the appeal. For these reasons, and because *Jordan* v. *Talbot, supra,* 55 Cal.2d 597, being a decision of the Supreme Court, is controlling, if, in fact, the *Jordan* and *Drummond* cases are in conflict, we follow *Jordan* and hold that the order for judgment notwithstanding the verdict is not appealable.[1]

### Appeal from Order Granting a New Trial

Such an order is appealable. (Code Civ. Proc., § 904.1; Code Civ. Proc., § 657; 36 Cal.Jur.2d, New Trial, § 180, p.396.)

■ The order granting a new trial being appealable, we consider the appellant's contention that the order is void because the court failed to comply with the requirements of Code of Civil Procedure sections 657 and 659. He contends that compliance was procedurally deficient in two particulars. Both of these assignments of error go to the time rather than to the substance of the court's acts. It is first asserted that, timewise, the court failed to comply with Code of Civil Procedure section 659 in that it granted respondent's *oral* motion for a new trial made immediately following entry of the jury's verdict, whereas the statute requires that the

---

[1]See *Jach* v. *Edson,* 255 Cal.App.2d 96 [62 Cal.Rptr. 925], and *DeVault* v. *Logan, supra,* 223 Cal.App.2d 802, to the same effect in reliance on *Jordan.*

party intending to move for a new trial must file a *written* notice with the clerk and serve same upon the adverse party.

The contention is without merit. True, the respondent's first motion was oral rather than in writing, and, therefore, did not satisfy the requirements of Code of Civil Procedure section 659. For that reason the court should not have heard and should not have ruled on the oral motion, and its order was a nullity. However, in apparent recognition of the error, respondent filed a written notice of motion for a new trial as required by Code of Civil Procedure section 659. Timewise, thereupon and thereafter, all the requirements of Code of Civil Procedure sections 659 and 660 were met, starting with respondent's written notice of intention to move for a new trial, filed on May 24, three days after the entry of judgment on the verdict, and concluding with the clerk's entry on June 18 of the court's order granting respondent's motion for a new trial, which was granted on that day following oral argument.

Appellant's second objection to the procedure employed, timewise, is that the court filed its statement of reasons for granting the new trial *before* rather than after the hearing on respondent's written motion for a new trial. Appellant points out that Code of Civil Procedure section 657, as amended in 1965, requires that on granting the motion the court shall specify both the grounds and the reasons for granting a new trial. Here again, appellant correctly states the law, but he misinterprets its application to the facts of this case. Thus, on June 18, upon granting the motion for a new trial, the court (1) stated its reasons orally, (2) expressly adopted the reasons contained in the document it had filed on June 10, in which it set forth its reasons for granting a new trial, and (3) both the appellant and the respondent expressly agreed in open court that it was unnecessary for the court to file still another statement of reasons by way of formally complying with the provisions of Code of Civil Procedure section 657.

We hold that there was substantial compliance with the statute, and that to set aside the court's order granting a new trial on the grounds urged by appellant would put form above substance by requiring an idle act. *Mercer v. Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], on which appellant relies does not hold otherwise. The issue before the court in that case was the sufficiency of the reasons given for granting a new trial, and not the time or times at which the court gave or failed to give its reasons.

■ We next consider appellant's contention that the court's statement of reasons does not meet the substantive requirements of Code of Civil Procedure section 657. That section provides, in part: "When a new trial

is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated."

Again, we find appellant's contention without merit, and we hold that the court's statement of the grounds and its reasons for granting a new trial meet the requirements of the statute. The court's statement of reasons filed on June 10 and readopted on June 18 reads as follows: "In spite of the possibility the orders heretofore made, judgment notwithstanding the verdict and granting of a new trial, may have been prematurely entered under the provisions of 629 and 657 of the Code of Civil Procedure, respectively, it is deemed appropriate at this time for me to state my reasons for granting a motion for new trial pursuant to the dictate of 657 of the Code of Civil Procedure.

"The reasons were two-fold. I instructed the jury on the doctrine of last clear chance under the consideration that taking a warped and inconsistent view of all of the evidence, believing some small portions of the testimony of the plaintiff and some small portions of the defendant's, and ignoring the mass of the testimony of both parties, the doctrine would be applicable. On more mature reflection, I have concluded that under no theory of the evidence as presented to the Court would the doctrine of last clear chance be applicable, and for this reason, having given the instruction, there was error of law occurring at the time of trial.

"I further concluded that the evidence was insufficient to justify the verdict and that it's against law as there is no evidence of substantial nature in anywise under any theory excusing the clear and positive evidence of contributory negligence on the part of the plaintiff. The testimony was clear that the plaintiff observed the defendant in a position where slight modification of the operation of his motorcycle would have prevented a collision, and then chose to ignore the defendant or the possibility of the danger of the defendant, and failed to use any care whatever to grant the right of way to the defendant, which he was entitled to perfectly obviously under the physical evidence presented as having reached the intersection first and being virtually out of the intersection at the time of collision."

A more explict statement of the grounds for granting the motion and the court's reasons for so doing is difficult to conjure. It satisfies the statute completely. The cases cited by appellant do not support his contention of error. *Mercer* v. *Perez, supra,* 68 Cal.2d 104, and *McLaughlin* v. *City & County of San Francisco,* 264 Cal.App.2d 310 [70 Cal.Rptr. 782], in which orders granting new trials were reversed because of insufficient statements of reasons, are clearly distinguishable. In *Funderburk* v. *General Tel. Co.,* 262 Cal.App.2d 869 [69 Cal.Rptr. 275], and *Kincaid* v. *Sears,*

*Roebuck & Co.,* 259 Cal.App.2d 733 [66 Cal.Rptr. 915], the courts in each case affirmed an order granting a new trial, finding the statement of reasons to be sufficient. We hold, therefore, that the granting of respondent's motion for a new trial satisfied all statutory requirements.

■ We hold further that there was no abuse of discretion in granting the motion. ■ To a large extent, such a motion is addressed to the sound discretion of the court and its action will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. Further, on appeal, all presumptions are in favor of the order granting a new trial, and the order will be affirmed if it may be sustained upon any ground (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733 [306 P.2d 432].)

■ While the evidence of contributory negligence is strong, we refrain from holding, as a matter of law, that the evidence establishes that appellant was contributorily negligent. We do not hesitate to say, however, that for the purposes of a motion for a new trial the trial court was well within its discretion in granting the motion. On retrial that issue will be one for the trial court to resolve on an appropriate motion prior to submitting the case to the jury, or for the jury to resolve upon submission of the issue to it, in light of the evidence produced on retrial.

In the matter of last clear chance, here again there is ample evidence to question the applicability of that doctrine in this case, and, therefore, there was no abuse of discretion in granting a new trial upon the ground that a last clear chance instruction should not have been given. ■ Because, on retrial, a request for such an instruction will no doubt be made, we discuss, briefly, our views on the applicability of the doctrine to the facts of this case as reflected by the reporter's transcript.

■ In *Brandelius* v. *City & County of San Francisco, supra,* 47 Cal.2d 729, the court, at page 743 of its opinion, stated the requirements for invoking the doctrine of last clear chance: "The doctrine of last clear chance may be invoked if, and only if, the trier of the facts finds from the evidence: (1) that the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure."

In *Doran* v. *City & County of San Francisco,* 44 Cal.2d 477, 486 [283 P.2d 1], cited with approval in *Brandelius, supra,* the court said that the doctrine ". . . is applicable only in the exceptional case in which there is substantial evidence to support a favorable finding on each of the several required elements above enumerated. And as above indicated, if any one of these elements is absent, the doctrine does not apply and the case is governed by the ordinary rules of negligence and contributory negligence. [Citations.]" The court further held in *Doran, supra,* that: "The question of whether there is any substantial evidence, conflicting or otherwise, which could justify the application of the last clear chance doctrine in a given case, is a question of law; and in the absence of such evidence, it is error for the trial court to instruct the jury concerning that doctrine. [Citations.] On the other hand, if there is such substantial evidence, conflicting or otherwise, the question of whether the defendant should be held to have had a last clear chance to avoid the accident is a question of fact to be determined by the jury under appropriate instructions. [Citations.]" (P. 487.)

Examining the evidence in this case in relation to the three requirements of the last clear chance doctrine, we question whether the second and third requirements, *supra,* are met. The appellant testified that he was proceeding on his motorcycle at 45-50 miles per hour, westbound on Ridgecrest Boulevard. He first observed the respondent when he, the appellant, was 300 feet east of the intersection of Ridgecrest and Downs. He testified that the respondent was proceeding north on Downs at 35-40 miles per hour, and was 300 feet south of the intersection of Downs and Ridgecrest. After observing the respondent's car, the appellant looked in his rear view mirror and then looked to his right to observe if any vehicle was approaching Ridgecrest on Downs from the north. He testified that he next observed respondent's car when it was four or five feet in front of him, and that the impact was instantaneous. Respondent testified that he was proceeding north on Downs at approximately 25 miles per hour; that he was about 30 feet south of the intersection when he first saw appellant's motorcycle; that the motorcycle was then about 150 feet east of the intersection, and was traveling about 50 miles per hour; that he believed he had plenty of time to get through the intersection, and, therefore, he did not slow down but maintained his speed of 25 miles per hour; that he did not again see the motorcycle after first observing it 150 feet east of the intersection; that the motorcycle struck the right rear fender of his car. In addition, there was physical evidence that the motorcycle struck the rear fender of respondent's car just behind the right rear wheel, and that the point of impact was four feet north of the center line of Ridgecrest.

Upon those facts, which were not refuted by other evidence, it does not appear to us that the second and third requirements of the doctrine are

present, i.e., "that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom," (requirement No. 2); and that "thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure." (Requirement No. 3.)

The fact that respondent saw the appellant when respondent was 30 feet and appellant 150 feet from the intersection does not, of itself, invoke the doctrine. "[A] party is not in a position of danger throughout his approach [to the intersection], and it is not until such time as he cannot extricate himself that the doctrine applies." (*Godinez* v. *Soares,* 216 Cal.App.2d 145, 152 [30 Cal.Rptr. 767].) Further, actual knowledge of another's position of danger is required. (*Fry* v. *Young,* 267 Cal.App.2d 340, 350-351 [73 Cal.Rptr. 62].) Assuming, *arguendo,* that respondent had actual knowledge of the appellant's dangerous position (and there is no evidence of such knowledge), the doctrine is not applicable unless the respondent thereafter had the last clear chance to avoid the accident. Such chance must be clear and not merely a bare or possible chance. ■ "The doctrine of last clear chance does not apply to splitting of seconds; when the emergency arises and there is no substantial evidence that the defendant had time to avoid the collision, the doctrine of last clear chance does not apply." (*Godinez* v. *Soares, supra,* 216 Cal.App.2d 145, 152-153.)

*Peterson* v. *Burkhalter,* 38 Cal.2d 107 [237 P.2d 977], like our case, involved an intersection accident between a motor scooter and an automobile. It is, nevertheless, distinguishable. In that case, the defendant was about 50 feet south of the intersection and traveling 15-20 miles per hour when he first saw the plaintiff. The plaintiff was 75 feet from the intersection at the time, going 30 miles per hour, and looking over his right shoulder in the opposite direction from which he was traveling. The defendant next saw the plaintiff when he was four-five feet from the automobile; the boy was still looking over his right shoulder. Last clear chance was said to apply in *Peterson* primarily because it was clear to the defendant that the vehicles would meet in the intersection; that the defendant knew the plaintiff was oblivious to the impending collision; and, further, that the facts indicated that the defendant could have stopped his automobile prior to the accident. The court felt that the defendant should have foreseen that the plaintiff might not turn his head around or stop his motor scooter. ■ In our case, there is no evidence that respondent knew the appellant was in a position of danger, or that he actually had the last clear chance to avoid the accident. Certainly, the fact that in *Peterson* the defendant

saw the plaintiff when the latter was 75 feet from defendant's car and knew the plaintiff was looking in the opposite direction, played an important part in the decision.

On retrial, if additional evidence is introduced tending to indicate the applicability of the doctrine of last clear chance, the trial court will then determine the propriety of giving such instructions in light of the rules laid down in *Brandelius* v. *City & County of San Francisco, supra,* 47 Cal.2d 729, and *Doran* v. *City & County of San Francisco, supra,* 44 Cal.2d 477.

Absent such additional evidence, the last clear chance instruction should not be given.

The appeal from the order granting judgment notwithstanding the verdict is dismissed. The order granting a new trial is affirmed.

Stone, P. J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1970.