[Civ. No. 44874. Second Dist., Div. Four. July 14, 1975.]

PATRICIA R. DEVINE, Plaintiff and Respondent, v.
THOMAS MURRIETA, Defendant and Appellant.

COUNSEL

Bonne, Jones & Bridges, John B. Cobb, Ellis J. Horvitz and Arthur E. Schwimmer for Defendant and Appellant.

Pollock, Pollock & Fay and Robert S. Schlifkin for Plaintiff and Respondent.

OPINION

FILES, P. J.—In this malpractice action against a physician, a jury verdict in favor of the defendant was set aside upon plaintiff's motion for

a new trial upon the ground of insufficiency of the evidence. Defendant has appealed from that order. It is necessary to reverse because the order did not contain an adequate statement of reasons as required by Code of Civil Procedure section 657.[1]

The basis of plaintiff's case was that she was suffering from a malignant condition which would have been discovered and treated successfully had defendant followed the proper standard of practice. On August 5, 1970, defendant had taken a Papanicolaou smear which he had sent to a cytotechnologist, who read it at her home, as was her custom, without any direct supervision by a medical doctor. The technologist read the smear as negative, though it should have been read as containing atypical cells. It was plaintiff's theory that had the proper standard of practice been followed, the chances of a mistake would have been minimized, and a proper reading would have led to further investigation, with the probability that the malignancy would have been diagnosed in time for successful treatment.

The defense not only contested the charge of negligence, but also denied that the alleged misreading of the Pap smear was the proximate cause of any harm. In the defendant's view, there was no reasonable probability that a follow-up of the August 5, 1970, test would have revealed plaintiff's malignancy, which was discovered, instead, by a biopsy taken November 17, 1970. Defendant challenged, as speculative, the theory that a discovery of the plaintiff's condition in August would have benefited her.

Plaintiff's written notice of motion for a new trial was based upon several grounds but, when the motion was heard, plaintiff's attorney stated "Plaintiff is relying upon insufficiency of the evidence as the sole ground to support the motion."

---

[1]Preliminarily, we note that the minute order granting the new trial bears notations that it was "entered" on both April 5, 1974, and June 20, 1974. Since the notice of entry of judgment was served by mail on February 13, 1974, the June date would have been beyond the 60-day limit specified in Code of Civil Procedure section 660. (See *Meskell* v. *Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 821-822 [96 Cal.Rptr. 773].)

In response to an inquiry which we made to counsel, the county clerk supplied his certificate that the notation "Minutes Entered 4/5/74" refers to the court's permanent minutes and that the June date reflects entry in the judgment book.

A *"nunc pro tunc"* order of April 10, 1974, correcting the April 5 order, bears similar notations of entry on April 10, 1974, and a rubber stamped date of June 20, 1974. It is evident from the clerk's explanation of the original minute order that the *"nunc pro tunc"* order was similarly entered in the permanent minutes on April 10, 1974 (still within the 60-day limit), and in the judgment book on June 20, along with the original order.

The pertinent portions of Code of Civil Procedure section 657 are as follows: ". . . The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons. [¶] . . . on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons . . . ."

The full text of order granting the motion, as corrected April 10, 1974, is reproduced in the margin.[2] This order was not followed by any separate signed statement of reasons.

---

[2]"Plaintiff's motion for new trial, comes on for hearing, is argued and granted.

"Pursuant to C.C.P. 657.

"The Court recites its grounds and specifications on the record, a portion of same appears as follows:

"1. Grounds.

"Insufficiency of the evidence to justify the verdict and the judgment.

"2. Reasons.

"The Court in its opinion finds and believes the jury simply did not understand the evidence, and did not understand, or disregarded, the jury instructions and the law as given by the Court.

"Further, the matter of the standard of practice among reputable medical practitioners in 1970 regarding the selection of facilities to diagnose Papanicolaou smears is patently a matter that is not common knowledge. Therefore, expert evidence is conclusive and cannot be disregarded.

"Further, the Court finds it was not good medical practice in 1970 for an obstetrician-gynecologist in the Southern California area to send his Papanicolaou smears to a cytotechnologist, working without supervision of a pathologist, not in laboratory conditions without any re-screening of ten per cent (10%) of negatives, and without having other technologists around to show the slides to.

"Further, the Court finds that good medical practice in 1970 required that a physician accept responssibility for each cytology report slip.

"The failure of a pathologist to supervise the cytotechnologist who was taking Papanicolaou smears was well below the standard of practice.

"The Court adopts by reference the entire argument as set forth in plaintiff's Points and Authorities in support of the motion of plaintiff, Patricia R. Devine, for new trial, filed 3/25/74.

"Accordingly, after weighing the evidence as required by C.C.P. 657, the Court is convinced from the entire record, including reasonable inferences therefrom, that the

Two aspects of the trial court's order require comment: First, it purported to incorporate by reference the written argument of plaintiff's counsel in support of the motion; and second, the reasons stated in the order related only to the issue of negligence. There was no reference to the issue of causation, or any of the evidence bearing upon that issue.

■ A line of decisions by the Supreme Court interpreting section 657, commencing with *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], precludes the adoption of the attorney's argument as a part of the statutory statement of reasons. The teaching of these cases is that, to be effective, the order must comply strictly with the statutory requirements. The statute requires that either the order "contain" the specification of reasons or that the court "prepare, sign and file such specification of reasons in writing with the clerk." In the case at bench the order did not "contain" the attorney's argument, and the court neither prepared nor signed nor filed it. "Each of these statutory requirements . . . is mandatory and jurisdictional." (*La Manna* v. *Stewart* (1975) 13 Cal.3d 413, 422 [118 Cal.Rptr. 761, 530 P.2d 1073].)

One purpose of the requirement of a specification of reasons is to encourage careful deliberation by the trial judge, and the statutory prohibition against an attorney-prepared specification is in furtherance of that purpose.[3] The adoption of the attorney's argument no more serves the statutory purpose than does the adoption of an attorney's post-argument specifications.[4]

---

jury clearly should have reached a different verdict.

"The motion for new trial is granted upon the basis of insufficiency of the evidence to justify the verdict and the judgment, and that the verdict and judgment is against law."

[3] "As orders granting motions for new trial are infrequently reversed, it is essential that they be the product of a mature and careful reflection on the part of the judge. Society has a manifest interest in avoiding needless retrials; they cause hardship to the litigants, delay the administration of justice, and result in social and economic waste. [Citation.] Accordingly, one of the functions of the requirement of specification of reasons is to promote judicial deliberation before judicial action, and thereby 'discourage hasty or ill-considered orders for new trial.' [Citation.] This objective is furthered, it bears emphasizing, by the change in the law which now forbids the judge from shifting to the attorney for the prevailing party the duty to prepare either the statement of grounds or the specification of reasons." (*Mercer* v. *Perez, supra,* at p. 113.)

[4] In *Herman* v. *Shandor* (1970) 8 Cal.App.3d 476, 480-481 [87 Cal.Rptr. 443], the appellate court affirmed an order granting a new trial where the trial judge had expressly adopted as his specification of reasons, a statement which he had filed earlier in response to a premature oral motion for a new trial in the same case. Thereafter the trial judge stated his reasons orally and expressly adopted the reasons stated in the document he . had previously filed. This decision was listed as an example of an adequate specification

We are, therefore, obliged to review the trial court's specifications without reference to the attorneys' argument. The standard by which the content of the specification is to be judged is stated in *Stevens* v. *Parke, Davis & Co.* (1973) 9 Cal.3d 51, 60-61 [107 Cal.Rptr. 45, 507 P.2d 653], as follows: "We have said that '[n]o hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case.' (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 115 [65 Cal.Rptr. 315, 436 P.2d 315].) However, we have emphasized on several occasions that if the ground relied upon is 'insufficiency of evidence,' the trial judge's specification of reasons 'must briefly identify the portion of the record which convinces the judge "that the court or jury clearly should have reached a different verdict or decision." ' [Citations.] [¶] In *Mercer,* in delineating the particular requirement for the ground of insufficiency of evidence, we indicated that only in this way could the twofold purpose of the specification exacted by the statute be fulfilled. That purpose, we explained at length, was to encourage careful deliberation by the trial court before ruling on the new trial motion and to make a sufficiently precise record to permit meaningful appellate review. . . ."

■ In the case at bench some mention of the evidence on the subject of causation is indispensible to the kind of review which the law requires. The order on its face fails to indicate that the trial court considered that the verdict could have been based upon a finding that defendant's alleged negligence had not harmed plaintiff. The absence of a reference to the evidence on that issue also precludes appellate review to determine whether the evidence the trial judge had in mind was sufficient to support a verdict in favor of the moving party.

The concluding paragraph of section 657 provides that on appeal it shall be conclusively presumed that the order was made "only for the reasons specified." Clearly, a verdict for the defendant cannot be set aside solely for the reason that defendant violated the standard of care without any consideration of causation and harm to plaintiff.

Plaintiff has cited *Kramer* v. *Boynton* (1968) 258 Cal.App.2d 171 [65 Cal.Rptr. 669], for the contrary view. In that case a defense verdict was

---

of reasons in *Scala* v. *Jerry Witt & Sons, Inc.* (1970) 3 Cal.3d 359, 370, footnote 6 [90 Cal.Rptr. 592, 475 P.2d 864].

In *La Manna* v. *Stewart, supra,* 13 Cal.3d at page 422, the Supreme Court referred to *Herman* as distinguishable on its facts. Here, too, we find *Herman* distinguishable. The written statement which the judge adopted in *Herman* was his own work, and thus reflected his deliberation and evaluation of the evidence.

set aside by an order which referred to the insufficiency of the evidence on a single issue, and the Court of Appeal rejected defendant's contention that the order was defective in failing to mention the sufficiency of the evidence on another issue upon which the verdict could have rested. The *Kramer* decision was filed the same day as *Mercer* v. *Perez, supra,* and cannot now be regarded as authority on the point in the light of the Supreme Court's reasoning in *Mercer* and the subsequent decisions.

No discussion is required for plaintiff's final contention that the order may be upheld because of error in giving two standard jury instructions. Both instructions were requested by plaintiff. Neither was subject to the criticism made in this court. At the time the motion for new trial was argued, plaintiff's counsel sensibly abstained from relying upon any ground other than insufficiency of the evidence.

The order granting a new trial is reversed.

Dunn, J., and Jefferson, J.,* concurred.

A petition for a rehearing was denied August 8, 1975, and respondent's petition for a hearing by the Supreme Court was denied September 10, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.