[Civ. No. 45586. Second Dist., Div. Three. Jan. 27, 1976.]

MARTIN J. KOLAR et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Appellant.

## Counsel

Hafif & Shernoff and Stephen L. Odgers for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Paul T. Hanson, Deputy County Counsel, for Defendant and Appellant.

## Opinion

**ALLPORT, J.**—Following trial of this action against the County of Los Angeles for wrongful death of their son, judgment on the verdict of the jury was entered in favor of Martin and Wreath Kolar in the sum of $25,000 plus costs. Thereafter an order was made granting defendant's motion for a new trial. Plaintiffs appeal from that order and defendant cross-appeals from the judgment.[1]

### Contentions

It is contended on appeal by plaintiffs that defendant's motion for new trial was in fact denied by operation of law and the judgment should be reinstated because the order granting the motion does not comply with Code of Civil Procedure section 657.[2]

---

[1] The appeals lie. (Code Civ. Proc.. § 904.1 subds. (a) and (d).)

[2] In their opening brief plaintiffs also contend that the motion was not determined within 60 days as required by Code of Civil Procedure section 660. That contention

It is contended on cross-appeal the evidence is insufficient to support the judgment. For reasons set forth in *Brown v. World Church,* 272 Cal.App.2d 684, 690-691 [77 Cal.Rptr. 669, 45 A.L.R.3d 622], and cases cited therein the cross-appeal must be deemed without merit.

*Discussion*

Code of Civil Procedure section 657 provides that a new trial may be granted on all or part of the issues upon grounds, inter alia, of excessive damages and/or insufficiency of the evidence. The order determining the motion must state the grounds relied upon by the court and may contain the required specification of reasons. Code of Civil Procedure section 660 provides that the motion is determined by an order being entered in the permanent minutes *or* an order signed by the court and filed with the clerk. (*Devine v. Murrieta,* 49 Cal.App.3d 855, 860 [122 Cal.Rptr. 847]; see also *Stevens v. Parke, Davis & Co.,* 9 Cal.3d 51, 63 [107 Cal.Rptr. 45, 507 P.2d 653].)

■ Relying upon *Stevens v. Park, Davis & Co., supra,* 9 Cal.3d 51, and *La Manna v. Stewart,* 13 Cal.3d 413 [118 Cal.Rptr. 761, 530 P.2d 1073], plaintiffs argue that the minute order determining the motion must be signed by the judge. We do not agree. The code sections referred to contain no such requirement. The motion is determined by minute order entered in the permanent minutes or by an order prepared by the court, signed and filed with the clerk. In the instant case the former method was adopted by the judge.

Relying upon *Stevens, supra,* plaintiffs argue that the minute order method of ruling requires that it bear the court's signature. This reliance is misplaced. In *Stevens* the order granting the new trial was held improper for failing to contain an adequate specification of reasons. The necessity of its being signed was not in issue. In holding that reasons stated outside the order itself should not be read into the order, the following comment appears at 9 Cal.3d 51, 63: "Similarly, in this case we hold that section 657 contemplates a written specification of reasons that may be set forth in only two places—either in the order itself or in a separate document filed with the clerk. It is highly significant, we think, that in either event the mandate of the statute is that the specification of

appears to have been abandoned in the closing brief wherein it is said by way of footnote at page 5: "On the basis of the footnote number 1 in *Devine v. Murrieta,* plaintiff drops its argument that the order was not entered in the permanent minutes within sixty days as required by C.C.P. 660."

reasons be *in writing, signed* by the trial judge and *filed with the clerk.* In the case at bench, the oral statements made by the trial judge at the hearing of the motions clearly do not satisfy this requirement." This dicta lacks any significance in view of the statement made earlier in the same opinion at page 62: "First, a careful reading of section 657 leaves no room for doubt that the reasons required to be specified by that section must be contained either in the order granting a new trial or in a separately prepared and signed statement in writing filed with the clerk within 10 days after the filing of the order. (§ 657, 4th par.)" For the same reasons plaintiffs' reliance upon *La Manna* v. *Stewart, supra,* 13 Cal.3d 413 is misplaced. Neither *Stevens* nor *La Manna* hold that an otherwise proper order entered in the permanent minutes of the court granting a new trial must bear the signature of the judge.

■ It is next argued that the specification of reasons is inadequate.[3] While plaintiffs suggest the contrary, we construe the order to grant a

---

[3] The order complained of reads as follows:

*"Motion for New Trial*
*Motion for Judgment Notwithstanding the Verdict*

Motion for New Trial comes on for hearing.
Both counsel argue. Motion is granted on the following grounds:

| | |
|---|---|
| Excessive or inadequate damages | CCP 657(5) |
| Insufficiency of the evidence | CCP 657(6) |

COURT'S SPECIFICATION OF REASONS:

1. There was no evidence of any pecuniary contribution by this deceased to the parents during his minority;
2. On the contrary, the evidence showed that from the time he was 15 years of age he had been in one institution or another of the State Correctional System, from the Youth Authority to Fred C. Nelles School for Boys and the Paso Robles School for Boys, which were also added expense and burden to the parents;
3. Although he was in the Army at the time of his death, he had made no provision for an allotment of his pay to the parents;
4. His ingesting of LSD and other dangerous drugs on the day of his death showed a continuing pattern of delinquency from which it could reasonably be inferred that he had not changed his style of living and that there was no reasonable expectancy that he would contribute any pecuniary benefits to his parents in the future;
5. He was 20 years, 11 months and 17 days old at the time of his death. His life style was one of avoiding responsibility, rejecting authority, and self indulgence in all of his relationships;
6. While away from the Army, he would live with friends but seldom, if ever, with his parents.

Griffey v. Pacific Electric Ry. Co. (1922)
58 CA 509, 517-520; 209 P. 45.

No ruling is made as to Motion for Judgment Notwithstanding the Verdict."

new trial on the issue of damages alone upon the ground of excessive damages and the reference to the additional ground of insufficiency of the evidence to simply elaborate thereon rather than to compel the conclusion that the new trial was granted on both the issue of liability as well as damages. In *Stevens* v. *Parke, Davis & Co., supra,* 9 Cal.3d 51, 59-60, we find the following appropriate comment in footnote 10: "Although the order also states that the verdict 'is not sustained by the evidence' we do not deem it necessary to treat it as having granted the new trial on the additional ground of '[i]nsufficiency of the evidence to justify the verdict' as specified in subdivision 6 of section 657. A finding that the damages were excessive necessarily implies that that evidence did not justify the award. (*Sinz* v. *Owens* (1949) 33 Cal.2d 749, 760 [205 P.2d 3, 8 A.L.R.2d 757]; *Van Ostrum* v. *State of California* (1957) 148 Cal.App.2d 1, 4 [306 P.2d 44]. See also 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3617-3618; Cal. Civil Procedure During Trial (Cont. Ed. Bar 1960) p. 502.) This view is also supported by the language of section 657, which states in part: 'A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, unless *after weighing the evidence* the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision.' (Italics added.) Therefore, we have construed the new trial order in this case to be based solely on the ground of excessiveness of damages. At any rate, as the following discussion demonstrates, the same rules regarding specification of reasons apply to both excessiveness of damages and insufficiency of the evidence to support the verdict insofar as it awards damages."

We turn to a consideration of the specification of reasons themselves.

The applicable law is set forth in *Stevens, supra,* wherein the court said at pages 59-62: "We first take up plaintiffs' appeal from the order granting a new trial. Each of the defendants separately moved for a new trial on several grounds. The trial judge denied the motions on the issue of liability but granted a new trial as to both defendants solely on the issue of damages. An examination of the court's order, which we set forth in relevant part in the margin, discloses that it was based on the sole ground that the damages were excessive. (Code Civ. Proc., § 657, subd. 5.) Plaintiffs contend that this order should be reversed because it fails to contain an adequate specification of reasons in compliance with Code of Civil Procedure section 657. We agree. . . .

In applying these rules to the instant case, we note that the new trial order makes no pretense of specifying reasons upon which the judge based his decision to grant defendants' motions. The statement that the 'verdict is excessive, that it is not sustained by the evidence' is, as in *Scala* and *Mercer,* a statement of ultimate fact that does not go beyond a statement of the ground for the court's decision. It does not indicate the respects in which the evidence dictated a less sizable verdict, and fails even to hint at any portion of the record that would tend to support the judge's ruling. Certainly the statement that the amount of the verdict was 'based upon prejudice and passion on the part of the jury' is not a 'reason' that provides an insight into the record." (Fns. omitted.)

We have considered the somewhat technical argument in the instant case that the specification of reasons is inadequate because each is but a statement of ultimate fact and a conclusion of law. We do not agree. The reasons are clearly stated and are adequate to apprise a reader of why the amount was deemed excessive. The instructions given the jury as to credibility of witnesses, burden of proof, and damages for wrongful death indicate the trial court was aware of the applicable law. (*Griffey* v. *Pacific Electric Ry. Co.,* 58 Cal.App. 509, 517-520 [209 P. 45].) The reasons make it clear to us that, in exercising its discretion with respect to the credibility of witnesses and the burden of proof, the trial court simply concluded plaintiffs had failed to establish that they were damaged in the sum of $25,000.

Plaintiffs, citing *Devine* v. *Murrieta,* 49 Cal.App.3d 855 [122 Cal.Rptr. 847], suggest the order is invalid because it fails to contain reasons negating *all* of the issues that were submitted to the jury, to wit: negligence, wilful misconduct, causation, special and general damages. Since we have concluded, *ante,* that the new trial was granted on the issue of damages alone and that the specification of reasons is adequate, we find this argument lacking in merit and without support in the case cited.

█ Plaintiffs would have us declare the order inadequate because it fails to make specific reference to the record specifying wherein the evidence is insufficient to support the amount of damages awarded. There is no requirement that such reference to the record must be made. In *Scala* v. *Jerry Witt & Sons, Inc.,* 3 Cal.3d 359, 370 [90 Cal.Rptr. 592, 475 P.2d 864], it was said: "We are well aware of the many urgent demands on the time of our busy trial courts. We agree, for example, that to comply with section 657 'the trial judge is not necessarily required to

cite page and line of the record, or discuss the testimony of particular witnesses,' nor need he undertake 'a discussion of the weight to be given, and the inferences to be drawn from each item of evidence supporting, or impeaching, the judgment.' (*Kincaid* v. *Sears, Roebuck & Co., supra,* 259 Cal.App.2d 733, 738, 739 [66 Cal.Rptr. 915].) On the other hand, he must do more than in effect reiterate the ground of his ruling." (See also *Hale* v. *Farmers Ins. Exch.,* 42 Cal.App.3d 681, 693 [117 Cal.Rptr. 146].) The granting of a new trial on ground of excessive damages must be based upon totality of evidence, not upon any particular portion of record which can be readily pointed out. (*Collins* v. *Lucky Markets, Inc.,* 274 Cal.App.2d 645, 651 [79 Cal.Rptr. 454].)

■ The granting or denying of a motion for a new trial is within the discretion of the trial court and in the absence of a showing of abuse will not be interfered with by the appellate court. In *Jiminez* v. *Sears, Roebuck & Co.,* 4 Cal.3d 379 [93 Cal.Rptr. 769, 482 P.2d 681, 52 A.L.R.3d 92], it was said at page 387: "The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. This is particularly true when the discretion is exercised in favor of awarding a new trial, for this action does not finally dispose of the matter. So long as a reasonable or even fairly debatable justification under the law is shown for the order granting the new trial, the order will not be set aside. (*Malkasian* v. *Irwin,* 61 Cal.2d 738, 747 et seq. [40 Cal.Rptr. 78, 394 P.2d 822]; *Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 159 [323 P.2d 391].)" Section 657 provides that such order shall be reversed only if there is no substantial basis in the record for *any* of such reasons. (*Mercer* v. *Perez,* 68 Cal.2d 104, 115 [65 Cal.Rptr. 315, 436 P.2d 315]; *Thompson* v. *John Strona & Sons,* 5 Cal.App.3d 705, 709 [85 Cal.Rptr. 350].) We have examined the record and, considering the discretionary aspects reserved to the trial court in passing on the sufficiency of the evidence, we cannot say there is *no* substantial basis for concluding that a new trial should be granted for the reasons stated.

■ The requirement for stating the grounds and specifying the reasons for each ground is to encourage careful deliberation by the trial court before ruling and to provide a record sufficiently precise to permit meaningful review. (*Miller* v. *Los Angeles County Flood Control Dist.,* 8 Cal.3d 689, 697 [106 Cal.Rptr. 1, 505 P.2d 193].) These requirements do not curb the trial court's discretion. (*Hale* v. *Farmers Ins. Exch., supra,* 42 Cal.App.3d 681, 692; *Mehling* v. *Schield,* 253 Cal.App.2d 55, 60 [61 Cal.Rptr. 159].) We are satisfied that both objectives were considered and

fulfilled by the order in the instant case and that no showing of abuse of discretion has been made.

The judgment is affirmed as to liability. The order granting defendant's motion for a new trial on the issue of damages alone is affirmed. Defendant to recover its costs on appeal.

Cobey, Acting P. J., and Potter, J., concurred.

The petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied March 24, 1976.