[Civ. No. 32860. Second Dist., Div. One. May 9, 1969.]

WILLIE MAE BROWN, Plaintiff and Respondent, v.
WORLD CHURCH et al., Defendants and Appellants.

Willedd Andrews and Harold Gronborg for Defendants and Appellants.

Wayne I. McClaskey for Plaintiff and Respondent.

FOURT, Acting P. J.—This is an appeal from a plaintiff's judgment for money.

Willie Mae Brown, a widow of 78 years of age, caused to be filed her complaint (February 19, 1965) against the named defendants wherein she alleged among other things that on June 21, 1955, The World Church (Sometimes hereafter referred to as Church) by and through its president, O. L. Jaggers, executed its promissory note by the terms of which the Church promised to pay Margie W. Fain or Willie Mae Brown, or their order on June 21, 1957, the sum of $5,256.67 with interest at 6 percent per annum. Further, that plaintiff had only received the sum of $315.40 as interest and she was entitled to the principal sum plus interest from June 21, 1956, that she by virtue of the death of Margie W. Fain in 1959 was the holder and owner of the note, that plaintiff was a widow 75 years of age, a member of the Church and had attended religious services at the Church since its inception in 1952 up to June 15, 1964, and O. L. Jaggers as president and minister of the Church had been her personal minister and pastor. Further that O. L. Jaggers and David B. Jaggers acting individually and as officers of the Church represented to plaintiff that she should not worry with reference to the note, that she could rely upon the Church to pay the note and that she should not consult a lawyer to collect the note, that each of the Jaggers personally guaranteed payment of the note, that they were holding money in trust with which the note would ultimately be honored without any legal action for collection even though the statute of limitations might become applicable, that if any person sued it would become a sin against the Church and that she should believe her ministers. Further, that each of the defendants was the agent of the other defendants in all of their respective actions, that plaintiff up to June 15, 1964, believed, trusted and relied upon each of the defendants in all representations and thereby did not file the present action until February 19, 1965.

Defendants filed an answer to the complaint on June 14, 1965, wherein they generally denied all of the allegations of the complaint and affirmatively alleged "That the complaint on file herein and the alleged cause of action therein set forth is barred by the provisions of Section 337 of the Code of Civil Procedure of the State of California."

The cause came on for trial on July 11 and July 12, 1967, before an experienced and learned judge. After hearing the plaintiff and her witnesses and the almost incredible testimony of O. L. Jaggers and other defendants' witnesses the judge directed a judgment in favor of plaintiff and ordered findings. Extensive findings[1] were submitted, signed and filed.

---

[1]"FINDINGS OF FACT

"1. Defendant The World Church is and was at all times mentioned in the Complaint in the within case, a corporation duly organized and existing under and by virtue of the laws of the State of California.

"2. Defendant The World Church did, on June 21, 1955, at Los Angeles, California, execute and deliver a promissory note to Plaintiff and Margie W. Fain in favor of and payable to the order of plaintiff. Said promissory note provided by its terms that defendant The World Church would pay the sum of $5,256.67 with interest on said principal sum at the rate of six per cent per annum from June 21, 1955, to Margie W. Fain or plaintiff Willie Mae Brown. Said promissory note further provided that principal and interest was payable at 240 East 51st Street, Los Angeles, California.

"3. Said promissory note was executed by defendant The World Church by and through its duly authorized representatives O. L. Jaggers and D. B. Jaggers, and each of them, each of whom were duly authorized to execute said promissory note and each of whom acted within the scope of their employment and authority by defendant The World Church in so executing said promissory note.

"4. Plaintiff Willie Mae Brown and Margie W. Fain have collectively received only two interest payments in two separate payments of $315.40 on said promissory note. Said two interest payments were paid on November 21, 1957 and June 19, 1956.

"5. Plaintiff and Margie W. Fain have never received any payments of principal on said promissory note in any sum whatsoever.

"6. Margie W. Fain died in 1959.

"7. Plaintiff is the holder and owner of the said promissory note sued on in the within suit.

"8. Said principal sum of $5,256.67 is now due, owing and unpaid by defendant The World Church on said promissory note.

"9. Interest on said promissory note is now due, payable and owing on the principal sum of $5,256.67, from June 21, 1957.

"10. The said promissory note was executed in the County of Los Angeles, and was payable by its terms in the County of Los Angeles.

"11. Plaintiff at all times described in the Complaint, was a widow and is presently seventy eight years of age.

"12. Plaintiff and her sister, Margie W. Fain, delivered and loaned the sum of $5,256.67 by check and cash, to defendant The World Church, and in consideration thereof defendant The World Church executed said promissory note.

A judgment was made and entered in conformity with the findings and conclusions of law. A timely notice of appeal was filed.

 Appellants in their opening brief contend that the

"13. At all times since 1952, and through and including 1964, plaintiff has been a member of and parishioner in defendant The World Church.

"14. At all times since 1952, to and including the trial of this action, defendant O. L. Jaggers was president of defendant The World Church.

"15. Defendant O. L. Jaggers and defendant D. B. Jaggers, and each of them, have been during the time of plaintiff's membership and church attendance, ministers and religious counselors of plaintiff.

"16. Defendant O. L. Jaggers made statements to church assemblies at The World Church at 123 North Lake Street, Los Angeles, California, during which times plaintiff was in attendance, at various times during each year for the period 1957 through 1964, and has stated at said times:

"(1) That the defendant The World Church would honor all promissory notes executed by the defendant The World Church without the necessity of the holder thereof instituting any legal action for collection if the holders of said notes would be patient and not file suit on said notes; and

"(2) That money was being held in trust for the purposes of satisfying all promissory notes executed by defendant The World Church; and

"(3) That it was not Christian for holders of promissory notes executed by defendant The World Church to sue on said promissory notes in order to collect.

"17. In reliance on said statements, and each of them, plaintiff did not file suit on the promissory note which is the subject of the within action until February 19, 1965.

"18. Defendant O. L. Jaggers made those statements set out above in Paragraph XVI, and each of them, in his individual capacity and in his capacity as an officer of defendant The World Church.

"19. Said Statements and each of them, were made by O. L. Jaggers individually and in his capacity as an officer of The World Church with the knowledge of their falsity at the time of their utterance and with the intention to deceive the parishioners of The World Church, including plaintiff.

"20. Defendant The World Church accepted and utilized the loan from plaintiff and her deceased sister, Margie W. Fain, in the sum of $5,256.67, since June 21, 1955, through the trial of the within action and utilized and accepted the benefit of said loan since said date.

"21. Defendant David B. Jaggers did not make any of the representations alleged in Paragraph VII of plaintiff's Complaint.

"22. Defendant O. L. Jaggers did not make any representations as set forth in Paragraph VII of plaintiff's Complaint at the residence of plaintiff at 240 East 51st Street, Los Angeles, California, but made those statements described in Paragraph XVI above at the place and times described in said paragraph.

"23. That defendants, and each of them, pled by special defense the statute of limitations alleging as follows: 'That the Complaint on file herein and alleged cause of action therein set forth is barred by the provisions of Section 337 of the Code of Civil Procedure of the State of California.'

"24. At the time of the execution of the promissory note described in Paragraph II herein, and at all times subsequent to and including November 21, 1957, Defendant David B. Jaggers was an employee and secretary of Defendant The World Church.

statute of frauds barred the action and in effect that the evidence does not support the findings and the judgment. There is no merit to appellants' contentions.

"25. Defendant O. L. Jaggers received the sum of $5,256.67 from Margie W. Fain at the residence of plaintiff and Margie W. Fain at 240 East 51st Street, Los Angeles, California, on or about June 21, 1955.

"26. O. L. Jaggers and Omah Abernathy are brother and sister and are the son and daughter, respectively, of Defendant David B. Jaggers.

"27. Larry Abernathy is the son of Omah Abernathy and the nephew of Defendant O. L. Jaggers and a minister and employee of The World Church in the month of October, 1966.

"28. Defendant David B. Jaggers and Omah Abernathy executed the two checks of Defendant The World Church, payable to Margie W. Fain, in those sums and on those dates as are set forth herein in Paragraph IV above. Defendant David B. Jaggers and Omah Abernathy, and each of them, in signing the said checks dated June 19, 1956, and November 21, 1957, respectively, acted within the scope of their employment by Defendant The World Church in executing said checks.

"29. Defendant David B. Jaggers, in his capacity as an employee and officer of Defendant The World Church, possessed supervisional authority from Defendant The World Church to disburse funds of The World Church on June 19, 1956 and November 21, 1957.

"30. Defendant David B. Jaggers and O. L. Jaggers received monies as compensation from Defendant The World Church between June 1, 1955, and December 31, 1964.

"31. Defendants The World Church, O. L. Jaggers, David B. Jaggers, and each of them, were trustees, acted in a fiduciary capacity, and were fiduciaries, and each of said things, to plaintiff and her deceased sister, Margie W. Fain, and each of them, at the time and occurrence of, and in the performance of, all acts and actions described in Paragraphs 1, 3, 4, 5, 7, 8, 9, 11, 12, 13, 15, 16, 17, 19, 20, 23, 24, 25, 28, and 29 of the within Findings of Fact.

"32. Plaintiff's exhibits in evidence, 7, 8, 9, and 10, and each of them, were received by plaintiff through the United States mail and were sent by Defendant The World Church and the signatory whose name was subscribed at the bottom of each said exhibit.

"CONCLUSIONS OF LAW

"I The promissory note dated June 21, 1955, executed by Defendant The World Church, is a valid promissory note and was duly executed by Defendant The World Church.

"II Defendant The World Church, by accepting the sum of $5,256.67 from plaintiff and her deceased sister, Margie W. Fain, on or about June 21, 1955, as a loan from plaintiff and her said sister, and utilizing said sum of $5,256.67, and securing the benefits of said sum for its own purposes until and through the trial of this action, is estopped to deny or otherwise attack the execution of said promissory note on the grounds of lack of authority of the persons who executed said promissory note on behalf of Defendant The World Church.

"III Plaintiff Willie Mae Brown is the owner and holder of the promissory note dated June 21, 1955.

"IV Plaintiff Willie Mae Brown has succeeded to the interest of Margie W. Fain in and to the promissory note dated June 21, 1955.

"V The plea of the statute of limitations contained in the Answer of the Defendants in the within case is improperly pled and legally insufficient so that said Answer does not place in issue the statute of limitations as a defense to plaintiff's suit.

"VI Defendants The World Church and O. L. Jaggers, by the state-

■ This court is again called upon to state a rule which should be familiar, namely, ". . . the findings of fact of a trial court on conflicting evidence of a substantial character are conclusive, and . . . an appellate court cannot examine the record to ascertain if the findings are supported by a preponderance of the evidence" and further ". . . the rule is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. ■ Accordingly, if as appellants contend, some particular issue of fact is not sustained, they are required to set forth in their brief all the material evidence on the point and not merely their own evidence. Unless this is done the error assigned is deemed to be waived. [Citations.]" (*Kruckow* v. *Lesser,* 111 Cal.App.2d 198, 200 [244 P.2d 19].)

Here appellants have made no effort to comply with the rules of court and have failed to set forth the evidence of the matter under consideration. What is said in *Hickson* v. *Thielman,* 147 Cal.App.2d 11, 14, 15 [304 P.2d 122], is particularly appropriate: ■ "The first contention of defendants is that the findings are unsupported by the evidence. In this connection, we repeat what every lawyer should know, namely, that when an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient. He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect.

". . . . Appellants have made no attempt to make a fair statement, or, indeed, anything approaching a fair statement

---

ments made to parishioners of Defendant The World Church as set forth above in Paragraph XVI of the Findings of Fact herein, are estopped to assert the statute of limitations as a defense to plaintiff's action in any event.

"VII Defendants The World Church, O. L. Jaggers and David B. Jaggers owe to plaintiff the sum of $5,256.67 with interest thereon at six per cent per annum from June 21, 1957, to the date of judgment herein.

"VIII Defendant The World Church is estopped to deny the validity of the promissory note dated June 21, 1955, on the grounds of lack of authority of the signatories of said promissory note and has ratified the execution of said promissory note by defendant The World Church by their payment of two interest payments to plaintiff's sister, Margie W. Fain, reflecting interest at six per cent for two years on the principal sum of said promissory note.

"IX Defendants The World Church, O. L. Jaggers and David B. Jaggers, and each of them, were trustees and fiduciaries to plaintiff and to her sister, Margie W. Fain as to all matters and/or actions enumerated in the Findings of Fact set forth hereinabove."

of the evidence claimed to be insufficient. Their failure to do so will be deemed tantamount to a concession that the evidence supports the findings. [Citations.]''

Or as aptly stated in *Simon* v. *Simon,* 260 Cal.App.2d 626, 631 [67 Cal.Rptr. 317]: ■ '' 'With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; . . .' [Citations.] Moreover, it is incumbent upon the appellant who contends that the evidence is insufficient to set forth the evidence in support of the judgment and indicate wherein it is insufficient.''

■ Appellants complain of errors in the record and then fail to refer this court to the specific places in the record where any such claimed error occurred and fail to point how or in what manner appellants were prejudiced thereby. If counsel is neglectful in their duty it is not the burden of this court to act as counsel for either party and we will not assume the task of making a search for error. (See *Fox* v. *Erickson,* 99 Cal.App.2d 740 [222 P.2d 452]; *Shaw* v. *McCaslin,* 50 Cal.App.2d 467 [123 P.2d 102].)

■ With reference to the plea of the statute of limitations, it is clear that appellants failed properly to plead the statute. ■ There are two ways of making such a plea, first by alleging all of the facts showing that the action is barred (*Adams* v. *Patterson,* 35 Cal. 122; *Osborn* v. *Hopkins,* 160 Cal. 501 [117 P. 519, Ann.Cas. 1913A 413]) and indicating that the lateness of the commencement of the action is being urged as a defense (*Hall* v. *Chamberlain,* 31 Cal.2d 673 [192 P.2d 759]). The second method is stated in section 458 of the Code of Civil Procedure. It is necessary for defendant who pleads the statute of limitations to specify the applicable section, and, if such section is divided into subdivisions, to specify the particular subdivision or subdivisions thereof. If he fails to do so the plea is insufficient. (See *Davenport* v. *Stratton,* 24 Cal.2d 232 [149 P.2d 4]; *Overton* v. *White,* 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99]; *Hopkins* v. *Hopkins,* 116 Cal.App.2d 174 [253 P.2d 723]; *Horwath* v. *Roosevelt Hotel Co.* 118 Cal.App.2d 1 [257 P.2d 56]; *Frustuck* v. *City of Fairfax,* 212 Cal.App.2d 345 [28 Cal.Rptr. 357].)

■ Section 337 of the Code of Civil Procedure has two subdivisions and defendants failed to specify under which subdivision of the section they allegedly come.

However, even if the pleading defect be passed over it is clear from the evidence and findings that defendants were estopped from asserting the statute of limitations as a defense. (See *Langdon* v. *Langdon,* 47 Cal.App.2d 28 [117 P.2d 371]; *Calistoga Nat. Bank* v. *Calistoga Vineyard Co.,* 7 Cal.App.2d 65 [46 P.2d 246]; *United States Cas. Co.* v. *Industrial Acc. Com.,* 122 Cal.App.2d 427 [265 P.2d 35]; *Berkey* v. *Halm,* 101 Cal.App.2d 62 [224 P.2d 885].)

Appellants seemingly contend too that O. L. Jaggers did not sign for or authorize the loan. The Church received the money and took all of the benefits. The officers of a corporation may bind the corporate principal by ostensible authority, and retention of the money by the Church is strong evidence either of a ratification of authority by the corporate principal or of an estoppel against the corporate principal to deny the lack of authority of the corporate officers. (See *Commercial Security Co.* v. *Modesto Drug Co.,* 43 Cal.App. 162 [184 P. 964]; *Curtin* v. *Salmon River etc. Co.,* 141 Cal. 308 [74 P. 851, 99 Am.St.Rep. 75].)

In this case insofar as the record in this court indicates, none of the parties objected to the findings or conclusions of the court nor requested specific findings, we must resolve all conflicts and ambiguities in the findings (if any) in support of the judgment as well as infer logical and reasonable findings in support thereof. (See *Millbrae Assn. for Residential Survival* v. *City of Millbrae,* 262 Cal.App.2d 222, 226-227 [69 Cal.Rptr. 251]; Code Civ. Proc., § 634; *Auer* v. *Frank,* 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108]; *Canadian Indem. Co.* v. *Motors Ins. Corp.,* 224 Cal. App.2d 8, 17 [36 Cal.Rptr. 159]; *Thornton* v. *Stevenson,* 185 Cal.App.2d 708, 715 [8 Cal.Rptr. 603]; *Reinsch* v. *City of Los Angeles,* 243 Cal.App.2d 737, 746 [52 Cal.Rptr. 613]; *People* v. *Coit Ranch, Inc.,* 204 Cal.App.2d 52, 64-65 [21 Cal.Rptr. 875]; *Schaefer* v. *Berinstein,* 180 Cal.App.2d 107, 124-125 [4 Cal.Rptr. 236].)

Appellants also mention that the original note was not produced and only a copy was received in evidence. The Evidence Code provides for the very contingency which occurred in this case and a copy of the note was properly received. (See Evid. Code, § 1501.)

The evidence and the facts support the findings and the findings support the judgment.

The judgment is affirmed.

Lillie, J., and Thompson, J., concurred.