Opinion
COLE, P. J.
The defendant purchased goods from the plaintiff’s assignor, and now appeals from a judgment for the plaintiff, a collection agency.
Issue
The action was for breach of a retail installment sales contract. Such a contract is subject to any applicable provisions of the Unruh Act. (Civ. *Supp. 13 Code, §§ 1801-1812.10.) The issue raised on appeal is the validity of the defendant’s contractual waiver of the statute of limitations. The defendant asserts that any such waiver in a retail installment sales contract violates Civil Code section 1804.1, subdivisions (a) and (g). We hold that nothing in the Unruh Act precludes operation of the waiver provision.
A preliminary question requires us to determine which statute of limitations is applicable, and whether defendant has properly asserted the defense. We hold that the action is governed by California Uniform Commercial Code section 2725 but that defendant failed properly to preserve the issue in the trial court. We also hold that accordingly, the contractual waiver was effective and that the action thus was not barred.
Facts
A document entitled “Security Agreement” was executed on November 20, 1967, between the plaintiff’s assignor, Times Home Furnishing Square, and the defendant, under which the defendant purchased certain home furnishings. By this agreement the defendant became obligated to pay a sum of $824.82 in 23 monthly installments of $35.34 and one installment of $12, the payments to commence on December 3, 1967. Clause 16 of the “Terms and Provisions” of the “Security Agreement” reads: “Buyer(s) waives his defense to the statute of limitations for an additional period of four years as provided for by the laws with respect thereto.”
The last payment made by defendant was on March 17, 1969. Defendant is in default in her payments with a balance still owing of $305.41. The plaintiff elected to wait until the period of the agreement had expired before declaring a breach. The plaintiff’s assignor did not commence the action to recover the above amount until September 29, 1975. In her answer below defendant pleaded as a second affirmative defense that “PlaintifFs Complaint is barred by the statute of limitations, California Code of Civil Procedure section 337.”
Which Statute of Limitations is Applicable?
The provision relied upon by defendant, Code of Civil Procedure section 337, provides, inter alia, that an action upon a written contract must be brought within four years. As noted, the waiver provision of the *Supp. 14 contract at issue purported to waive the statute of limitations defense for an additional period of four years.[1]
The correct statute of limitations for this action, however, is not Code of Civil Procedure section 337. Rather, it is California Uniform Commercial Code section 2725. In relevant part that section provides as follows: “An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it....”
The cause of action here accrued in 1969. Suit not having been brought until 1975, the four-year period of California Uniform Commercial Code section 2725 bars the agreement unless defendant’s waiver is effective[2] or defendant has failed to assert the defense.
As can be seen, the express language of section 2725 does not deal with a waiver agreement such as clause 16 of the contract. To repeat, section 2725 states “By the original agreement the parties may reduce the period of limitation to not less than one yéar but may not

The waiver apparently was drafted to comply with Code of Civil Procedure section 360.5 which reads in pertinent part: “No waiver shall bar a defense to any action that the action was not commenced within the time limited by this title unless the waiver is in writing and signed by the person obligated. No waiver executed prior to the expiration of the time limited for the commencement of the action by this title shall be effective for a period exceeding four years from the date of expiration of the time limited for commencement of the action by this title . . . .”

The plaintiff at oral argument asserted that California Uniform Commercial Code section 2725 was inapplicable to this transaction because this was a “sale to consumers” and thus expressly excluded from the operation of division 2 of the California Uniform Commercial Code (of which § 2725 is a part) by section 2102. California Uniform Commercial Code section 2102 réads: “Unless the context otherwise requires, this division applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this division impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers.” [Italics added.]
California Uniform Commercial Code section 2725 does not, by its application in this case, “. . . impair or repeal any statue regulating sales to consumers.” The only statute its application could be said to impair is Code of Civil Procedure section 360.5 allowing additional four-year waivers of the statute of limitations but that section does not regulate sales to any specified classes of buyers.
Further, the California code comment to West’s Annotated Commercial Code section 2102 shows that that section was intended to “. . . exclude certain special statutes pertaining to sales to unique groups of buyers. . . .” An example given by the commentator refers to Vehicle Code provisions relating to sale of motor vehicles. California Uniform Commercial Code section 2725 is not a statute of this sort, it applies to all contracts of sale. Thus section 2102 does not render it inapplicable.