[Civ. No. 53597. Second Dist., Div. Three. Mar. 26, 1979.]

UNION OIL COMPANY OF CALIFORNIA,
Plaintiff and Respondent, v.
SOUTH COAST REGIONAL COMMISSION,
Defendant and Appellant;
BOARD OF HARBOR COMMISSIONERS
OF THE CITY OF LOS ANGELES,
Real Party in Interest and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, R. H. Connett, Assistant Attorney General, Edwin J. Dubiel and Anita E. Ruud, Deputy Attorneys General, for Defendant and Appellant.

George C. Bond, Sam A. Snyder, Timothy R. Thomas, Hanna & Morton, Edward S. Renwick and Gregory C. Brown for Plaintiff and Respondent.

Burt Pines, City Attorney, Jack L. Wells, Assistant City Attorney, and Raymond P. Bender, Deputy City Attorney, for Real Party in Interest and Respondent.

**OPINION**

**ALLPORT, J.**—In 1958, pursuant to an order of the Board of Harbor Commissioners of the City of Los Angeles (Board) and Construction and Lease Agreement No. 485 between the Board and Union Oil Company of

California (Union), the latter constructed and thereafter operated an oil terminal for offloading deep draft oil carrying tankers at Berth 46 in Los Angeles Harbor. On December 17, 1976, Berth 46 was partially destroyed when the *S. S. Sansinema* exploded while moored at this berth. The damage rendered Berth 46 incapable of serving as a tanker terminal pending its being rebuilt. (We use the word rebuilt advisedly in view of the issue presented on appeal.) Union prepared and submitted plans and specifications to the harbor department for the rebuilding which consisted of "restoration to essentially original specifications without any addition to, enlargement of or expansion of Berth 46 and wherever possible utilizing or retaining undamaged or salvageable portions thereof. Within such physical repair will be included partial replacement and modernization." The department determined this activity to be exempt from the permit requirements of the California Environmental Quality Act because it was found to be an "[e]mergency repair to a public service facility necessary to maintain service" under Public Resources Code section 21080, subdivision (b)(2); and, because the activity was found to be categorically exempt under Public Resources Code section 21084, California Administrative Code, title 14, section 15102, subdivision (b) and class 2 of the Los Angeles City CEQA Guidelines. Union then sought a determination from the South Coast Regional Commission (Commission) that the work necessary to put Berth 46 back into operation was a "repair" within the meaning of Public Resources Code section 30610, subdivision (c) and hence was excluded from permit requirements of the California Coastal Act of 1976. Commission thereafter met and without notice to Union determined that the project was not a repair and sent notice that a coastal development permit would be required. Union then filed the instant petition for a writ of mandamus to compel the Commission to order that Union's activity in restoring Berth 46 was excluded from the permit requirements of the act under Public Resources Code section 30610, subdivision (c) or that the Board's action be declared void and that Union's activities be deemed as a matter of law "repairs" excluded from the permit requirements. From the foregoing and other findings of fact, the trial court concluded as follows:

"1) This action is governed by CCP §1085 ('traditional' mandamus) rather than CCP §1094.5 ('administrative' mandamus).

"2) Because the activities at Berth 46 proposed by Union will only restore the Berth and related facilities to its former capabilities and will not result in any expansion, enlargement or addition, Public Resources Code § 30610(c) applies and no coastal zone development permit is required.

"3) The actions of respondent Regional Commission were unreasonable, arbitrary and a prejudicial abuse of discretion in that:

"As a matter of law, the work contemplated is a 'repair' within the meaning of Public Resources Code § 30610(c) and thus excluded from the permit requirements of the Coastal Act of 1976.

"(b)  The respondent Regional Commission had a clear mandatory duty to determine that the work at Berth 46 was a 'repair' within the meaning of Public Resources Code § 30610(c) and the respondent Commission has therefore failed to proceed in a manner prescribed by law.

"(c) Failure to proceed in a manner prescribed by law is unreasonable, arbitrary and an abuse of discretion.

"4)  Judgment should be entered ordering a peremptory writ of mandate to issue from this court, commanding respondent Regional Commission, its members, officers and agents to vacate its order of April 11, 1977, and to issue its determination that petitioner's activities in restoring Berth 46 to its prior condition are excluded from the permit provisions of the California Coastal Act of 1976 under Public Resources Code §30610(c)." Judgment was entered accordingly. Commission appeals from the judgment.

## Contentions

It is contended on appeal that neither facts nor law support the trial court's conclusion that the proposed activity constituted repair or maintenance within the meaning of Public Resources Code section 30610, subdivision (c) and that Commission's determination to the contrary should be upheld because it was not "clearly erroneous." (*REA Enterprises* v. *California Coastal Zone Com.* (1975) 52 Cal.App.3d 596, 611 [125 Cal.Rptr. 201].) We do not agree and for reasons to follow will affirm.

## Discussion

While it is contended that the "record" in general does not support the conclusion reached below, no claim is made that the trial court's findings of fact are not supported by substantial evidence and in any event the Commission has not complied with established principles of appellate procedure if such a claim is advanced. (*Brown* v. *World Church* (1969) 272 Cal.App.2d 684, 690-691 [77 Cal.Rptr. 669, 45 A.L.R.3d 622].) Under the

circumstances we deem all findings to be supported by substantial evidence and conclude that any argument to the contrary is without merit. (*Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397, 403 [325 P.2d 475].)

■ We now turn to consideration of the legal propriety of the trial court's action in ordering judgment for Union. Public Resources Code section 30610, subdivision (c) provides in pertinent part that "[r]epair or maintenance activities that do not result in an addition to, or enlargement or expansion of, the object of such repair and maintenance activities" are exempt from permit requirements. The trial court found the subject activities "will not result in an addition to or enlargement or expansion of the Berth or related facilities and will only result in restoring the dock to its former capabilities." It also found that no evidence was presented to either the Commission or the court to the contrary. In support of these findings is evidence supplied by the Commission itself. Exhibit "B" to the Commission's memorandum of points and authorities in opposition to petition for writ of mandate is the declaration of George Wakayama, a professional engineer employed by the State Lands Division of the State of California, wherein the declarant concludes: "Although the reconstruction will replace seventy five percent of existing wharf structure, it would appear that the new facility including those portions retained from the original facilities will be functionally the same as the original." Thus, by its own admission the proposed work would "not result in an addition to, or enlargement or expansion of, the object of such repair. . . ." Under the circumstances the Commission's ruling was "clearly erroneous" and it was not error to conclude that no Commission permit was required for this activity.

The judgment is affirmed.

Cobey, Acting P. J., and Potter, J., concurred.