Filed 9/11/13  Oakes v. Loppnow CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| DAVID OAKES, | B243251 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC092837) |
| v. | |
| JEFFREY GRAY LOPPNOW, | |
| Defendant and Respondent. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Maria E. Stratton, Judge.  Reversed and remanded.

        Law Offices of Gabor Szabo and Gabor Szabo for Plaintiff and Appellant.

        Law Offices of Peter M. Wucetich and Peter M. Wucetich for Defendant and Respondent.

_____

Plaintiff and appellant David Oakes appeals from a judgment of dismissal in favor of defendant and respondent Jeffrey Gray Loppnow[1] in this personal injury action. Oakes contends that: 1) Jeffrey waived the statute of limitations defense by citing an incorrect code section in his answer; 2) the trial court erred in determining the merits of Jeffrey's statute of limitations defense based solely on evidence submitted in connection with the motion to bifurcate trial; 3) there is no substantial evidence to support the trial court's finding the relation-back doctrine is inapplicable, because Oakes knew the identity of the driver at the time he filed his lawsuit; 4) the trial court abused its discretion in finding Mercury Insurance Group and defense counsel owed no duty to Oakes to provide information about other potential defendants; 5) and the trial court erred in finding Oakes's property damage claim was time-barred as well.

We conclude Jeffrey's failure to specify the applicable statute of limitations waived the defense. Therefore, we reverse the judgment and remand for trial.

## FACTS AND PROCEDURAL HISTORY

On April 16, 2009, Jeffrey was driving his truck on Saticoy Street, approaching Fallbrook Avenue. He swerved across traffic to make a left turn onto Fallbrook, at which point Oakes's car collided with Jeffrey's truck and struck another vehicle. Los Angeles Police Department (LAPD) officers responded and administered a field sobriety test to Jeffrey. He was arrested for driving under the influence. Oakes observed the field sobriety test but was unable to speak to Jeffrey due to his arrest. The drivers of all three vehicles involved in the accident were male; there were no women involved in the accident. Oakes knew the driver of the truck was a man.

On the day of the incident, the investigating officer prepared a traffic collision report, which identified the driver, the make, and the license number of each vehicle involved in the accident. The report did not specify the registered owner of the truck

---

[1] Because more than one party shares the last name Loppnow, we will refer to them individually by their first names.

2

driven by Jeffrey. It stated Jeffrey's insurance carrier was Mercury Insurance Group and provided his policy number.

Oakes learned from his insurance adjuster that Jeffrey's wife Kathi Loppnow had insurance through Mercury Insurance Group. There is no information in the record explaining where the insurance adjuster obtained this information or why the adjuster believed Kathi was involved in the accident. However, a health insurance claim for Oakes's medical treatment, prepared on August 19, 2009, lists Kathi as an "other insured" and provides an insurance policy number different than Jeffrey's. At some point, Mercury apparently made a settlement offer on behalf of Kathi.

In April 2010, Oakes hired Attorney Gabor Szabo. Szabo contacted Mercury. On April 12, 2010, Mercury acknowledged a letter of representation from Szabo. The heading provided a claim number, stated "our insured" was Kathi, and stated the date of loss was April 16, 2009. Mercury reiterated a settlement offer of $4,200 on behalf of Kathi. In letters to Szabo on October 14, and November 11, 2010, Mercury identified the claim in the same manner, reiterated the settlement offer, and requested medical bills and records. None of these settlement letters were sent to the Loppnows.

On December 14, 2010, Mercury acknowledged receipt of a letter from Szabo demanding the policy limits for Oakes's personal injury claim. Mercury stated it could not accept or reject the demand until it received and reviewed specified medical records. The letter noted a copy was sent to Kathi.

Mercury sent identical letters to Szabo on January 21, and February 18, 2011, identifying the claim in the same manner, reiterating the request for medical records, and asking for workers' compensation information. Mercury sent copies of these letters to the Loppnows.

Oakes brought a personal injury action against Kathi on February 24, 2011. The complaint alleged "Defendant Kathi J. Loppnow and Defendants DOES 1 through 5, . . . negligently, carelessly and recklessly operated, maintained, controlled, cared for, leased, manufactured, lent and owned . . . a vehicle on Fallbrook Ave . . . so as to cause it to collide with the vehicle operated by Plaintiff, David Oakes, causing the injuries and

3

damages to Plaintiff as hereinafter set forth." On April 5, 2011, Kathi filed an answer to the complaint, denying any liability for Oakes's injuries.

In July 2011, Oakes requested and received a copy of the traffic collision report. On January 17, 2012, Oakes filed an amendment to the complaint, designating Jeffrey as Doe 1, a defendant whose identity was previously unknown.

A mandatory settlement conference was scheduled for January 24, 2012. Shortly before the conference, defense counsel stated to the trial court that Kathi was not the registered owner of the truck, not an insured party for the accident, and otherwise uninvolved with the incident. The court advised Oakes to dismiss the action against Kathi in the absence of evidence showing she was the registered owner of the vehicle involved in the accident. On February 10, 2012, Oakes dismissed Kathi as a defendant.

On March 15, 2012, Jeffrey filed an answer denying the allegations of the complaint. He raised a number of affirmative defenses, including the complaint "is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure, [s]ection 340." [2] The applicable statute of limitations for a personal injury action, however, is set forth in Code of Civil Procedure section 335.1.

On June 12, 2012, Jeffrey filed a motion to bifurcate the trial to allow adjudication of the statute of limitations issue. Oakes filed his opposition on June 28, 2012, along with a motion in limine to exclude any evidence relating to the issue of statute of limitations. Oakes raised several arguments in his opposition, including that Jeffrey waived the statute of limitations defense by failing to cite the proper code section in his answer. Szabo submitted his declaration stating that Oakes dismissed the action against Kathi based on defense counsel's promise that Jeffrey would be substituted as the proper defendant. Oakes reasonably believed Kathi was the insured party responsible for damages based on Mercury and Jeffrey's representations, including the settlement letters

---

[2] Code of Civil Procedure section 340 requires that civil actions must be brought within one year if they involve: (a) statutory penalty or forfeiture to individual and state; (b) statutory forfeiture or penalty to state; (c) libel, slander, false imprisonment, seduction, forged or raised checks, injury to animals by feeder or veterinarian; (d) damages for seizure; or (e) action by good faith buyer.

on Kathi's behalf. He would have to call numerous witnesses to try the statute of limitations issue, including insurance adjusters from Mercury and GEICO.

A hearing was held on July 11, 2012. The trial court asked whether Jeffrey was seeking a jury trial or a decision from the court on the statute of limitations issue. Jeffrey's attorney asked the court to decide the issue based on the declarations attached to the motion to bifurcate. The court asked if Oakes wished to be heard. Szabo noted that Oakes submitted a motion in limine. He argued the statute of limitations issue should be decided as a matter of law based on the failure to cite the correct statute of limitation in the answer. The court disagreed with this analysis and added, "But what I will do, I will take it under submission and decide the issue based on the declarations, and then I will notify you next week." Jeffrey's attorney agreed, and both parties waived notice.

The following day, the trial court issued a minute order finding Oakes had the requisite information to identify Jeffrey before filing his complaint. Oakes knew he had been hit by a male driver. He also received at least two letters from Mercury that were copied to both Kathi and Jeffrey, raising the inference that Jeffrey was involved in the accident or coverage issues. Although Oakes did not receive the traffic collision report until after the statute of limitations had run, Szabo's declaration did not explain the delay. Oakes's own insurer told him that Kathi was the insured party, and Oakes never expressly denied knowing Jeffrey was the driver of the truck, only that Jeffrey was insured by Mercury. Therefore, the court found Oakes had actual knowledge of Jeffrey's identity. In addition, the court found Jeffrey had not waived the statute of limitations defense, because the answer was sufficient to put Oakes on notice. Jeffrey was not equitably estopped from asserting the defense, because Oakes admitted that he relied on information from his own insurer, and Kathi and her counsel were not obligated to provide information about other defendants. The court found defendants and Mercury did not make any affirmative misrepresentations to Oakes. The assertion that Kathi was dismissed in exchange for proceeding against Jeffrey was not credible, since Oakes could not proceed against Kathi in good faith anyway.

5

On July 25, 2012, the trial court issued a judgment granting Jeffrey's motion to bifurcate and try the statute of limitation issue separately, dismissing the action, and entering judgment in favor of Jeffrey. On August 8, 2012, Oakes filed a timely notice of appeal from the judgment.

**DISCUSSION**

Oakes contends because Jeffrey did not cite the correct section in the Code of Civil Procedure in his answer, he waived his statute of limitations defense. We agree.

"Ordinarily, the statute of limitations is a personal privilege which '. . . must be *affirmatively invoked in the lower court* by appropriate pleading . . .' or else it 'is waived.' [Citation.]" (*Mysel v. Gross* (1977) 70 Cal.App.3d Supp. 10, 15.) There are two ways to properly plead a statute of limitations defense. (*Brown v. World Church* (1969) 272 Cal.App.2d 684, 691.) One way is to allege facts showing that the action is barred and the delay in commencing the action is raised as a defense. (*Mysel v. Gross*, *supra*, at p. 15.) The second way is to comply with Code of Civil Procedure section 458, which provides in pertinent part that "it may be stated generally that the cause of action is barred by the provisions of Section ____ (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred."

"The failure to properly plead the statute of limitations waives the defense. [Citation.]" (*Martin v. Van Bergen* (2012) 209 Cal.App.4th 84, 91.) "It is necessary for defendant who pleads the statute of limitations to specify the applicable section, and, if such section is divided into subdivisions, to specify the particular subdivision or subdivisions thereof. If he fails to do so the plea is insufficient. [Citations.]" (*Brown v. World Church*, *supra*, 272 Cal.App.2d at p. 691.)

We note that when the relevant facts are undisputed, as is the case here, "the application of the statute of limitations may be decided as a question of law."

6

(*International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611; see also *McKeown v. First Interstate Bank* (1987) 194 Cal.App.3d 1225, 1228.)

Jeffrey did not allege the underlying facts establishing a statute of limitations bar, and he pled the wrong code section. Jeffrey cited Code of Civil Procedure section 340 as the applicable statute of limitations in his answer. On appeal, Jeffrey cites Code of Civil Procedure section 339 as the applicable statute of limitations for a personal injury claim. However, the relevant code section is actually Code of Civil Procedure section 335.1. (*Krupnick v. Duke Energy Morrow Bay* (2004) 115 Cal.App.4th 1026, 1028.) As a result of his failure to cite the correct code section, Jeffrey forfeited a statute of limitations defense for Oakes's personal injury claim. On appeal, he has not cited any authority that provides otherwise. Jeffrey did not seek permission from the trial court to amend his answer to cite the correct statute of limitations. In deciding the statute of limitations issue, the trial court should have found the defense was forfeited.

## DISPOSITION

The judgment is reversed and remanded for trial. The trial court is directed to enter new and different orders granting the motion to bifurcate and finding the statute of limitations defense has been waived. Appellant David Oakes is awarded his costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.                                    MOSK, J.

7