# IN THE COURT OF APPEALS OF IOWA

No. 17-0893
Filed May 16, 2018

**IN THE MATTER OF THE ESTATE OF JOHN E. TERPSTRA, Deceased,**

**RONALD G. TERPSTRA,**
        Beneficiary-Appellant,

**VICKIE TERPSTRA,**
        Executor of the Estate of John E. Terpstra-Appellee.

_____

        Appeal from the Iowa District Court for Mahaska County, Myron L. Gookin,

Judge.


        Ronald Terpstra appeals the dismissal of his petition for declaratory

judgment. **REVERSED AND REMANDED**.


        Randall C. Stravers of Stravers Law Firm, Oskaloosa, for appellant.

        Michael P. Holzworth, Des Moines, and Daniel M. Manning, Jr. of Lillis

O'Malley Olson Manning Pose Templeman LLP, Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

This appeal raises the question whether pleading the wrong statute of limitations in a motion to dismiss nevertheless preserves the affirmative defense of a different statute of limitations. Because a party relying upon a statute of limitations as a defense must specifically plead that intent and then show the facts constituting the bar, we conclude the failure to identify the correct statute operates as a waiver of that defense. Accordingly, we reverse the dismissal of the declaratory-judgment action brought by Ronald Terpstra and remand for further proceedings.

## I.      Facts and Prior Proceedings

In 1989, John Terpstra bought a $25,000 life insurance policy, naming his wife, Mary, as the beneficiary.[1] More than two decades later, at age 83, John filed a voluntary petition for appointment of a guardian and conservator, proposing his son Ronald for the position. John signed the petition on September 14, 2013. Nine days later, on September 23, John signed a change of beneficiary form, directing one hundred percent of the proceeds of his life insurance policy go to his daughter, Vickie.

John died in December 2013.[2] The district court admitted John's will into probate and opened the estate in January 2014. Vickie served as executor of her father's estate. More than two years later, on November 8, 2016, Ronald filed a petition for declaratory judgment asking the district court to find that when John

---

[1] John and Mary had each been married before. John had three children from his earlier marriage, including Ronald and Vickie, who are key players in this matter.
[2] His wife Mary died one year later, in December 2014.

changed beneficiaries on the life insurance policy he was "not acting voluntarily and on his own behalf" but rather "was under the undue influence of Vickie."

In January 2017, Vickie—as executor of the estate—filed a motion to dismiss Ronald's petition, alleging the filing was outside of the four-month period for filing claims under Iowa Code sections 633.410 and 633.415 (2014). The motion contended Ronald, as a residuary beneficiary of the estate, received proper notice under the probate code. The motion also asserted Ronald's petition failed "to adequately plead the elements necessary to establish a claim of undue influence."

In May 2017, after holding a hearing on the matter, the district court decided Ronald failed "to state a claim upon which relief can be granted." The court rejected Vickie's argument that Ronald's petition was untimely under Iowa Code sections 633.410 or 633.309. But the court sua sponte decided his petition was barred by Iowa Code section 614.1(2). The court declined to reach the merits of Ronald's undue-influence claim. Ronald now appeals, arguing the district court erred by considering the statute-of-limitations defense under section 614.1(2).

## II.     Standard of Review

The parties agree we review the ruling on a motion to dismiss for legal error. *See Rieff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001).

## III.     Analysis

"It is elementary that a party relying upon the statute of limitations must specifically plead the same. It is equally fundamental that a failure to so plead operates as a waiver thereof." *Lawrence v. Melvin*, 211 N.W. 410, 411–12 (Iowa 1926) (citations omitted). And "[n]ot only is it incumbent upon the party seeking to

avail himself of the statute of limitations as a defense to plead the same, but he must also show the facts constituting the bar." *Id.* at 412.

Ronald argues that because Vickie did not specifically plead the statute of limitations citing section 614.1(2), she has waived that affirmative defense. He contends the district court erred in considering a different statutory bar than Vickie pleaded in her motion to dismiss. On appeal, Vickie does not try to resurrect the argument from her trial motion that Ronald's petition was time-barred by the four-month deadline in section 633.410 or section 633.309. Rather, she defends the district court's ruling based on section 614.1(2). She contends "[t]he fact the wrong statute was cited is not fatal."[3]

Ronald has the better argument. Although Vickie's motion to dismiss was based on the untimeliness of Ronald's claim, it did not raise the correct statute. Her position is analogous to wading waist deep into the water and declaring you took a swim. While she touched on the general basis for dismissal, she did not provide Ronald with notice of the actual affirmative defense relied on by the court.[4] *See Cuthburtson v. Harry C. Harter Post No. 839 of the V.F.W.*, 65 N.W.2d 83, 87 (Iowa 1954) (citing *Lawrence v. Melvin*, 211 N.W.2d 410) (stating "a party relying upon the statute of limitations as a defense must specifically plead that fact and he must also show the facts constituting the bar"); *Carter v. Fleener*, No. 10-1970, 2011 WL 5867061, at *7 (Iowa Ct. App. Nov. 23, 2011) (reversing judgment where

---

[3] Vickie cites *State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008), for the proposition that we may affirm an appeal where any proper basis appears for the district court's ruling, even if it is not one upon which the court based its holding. That proposition does not apply where the party has not raised the precise grounds for dismissal in district court. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002).

[4] When reaching its decision, the district court noted Ronald's claim is actually against Vickie personally, though Ronald's petition lists Vickie as the executor of John's estate.

district court raised statute of limitations sua sponte). Neither did Vickie show the facts constituting a bar under section 614.1(2), requiring action be brought within two years if "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort." As a result of Vickie's omission, Ronald did not have a chance to present evidence rebutting the defense under that statutory provision. *See Scholastic Inc. v. Pace Plumbing Corp.*, 8 N.Y.S.3d 143, 146 (N.Y. App. Div. 2015) (holding defendant failed to properly plead statute of limitations, because "inclusion of the defense within a laundry list of predominantly inapplicable defenses did not provide plaintiff with the requisite notice"); *see also Mysel v. Gross*, 138 Cal. Rptr. 873, 876 (Cal. App. Dep't Super. Ct. 1977) (finding waiver of statute-of-limitations defense when defendant pleaded the wrong code section).

Because Vickie did not plead the proper statute of limitations, we reverse the dismissal of Ronald's claim and remand for further proceedings consistent with this decision.

**REVERSED AND REMANDED.**